UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---------------------------------------X

WILLIAM BANKHEAD,

                Plaintiff,

   -against-

"JOHN" KUO; "JOHN" PENA;
each NYPD Patrolmen, 73rd Precinct;
JOHN DOE 1, African-American male,
pencil-mustached, jerry curled hair NYPD
Sargeant, 73rd Precinct; JOHN DOE 2, white-
american male, NYPD patrolman, ESU; RAY
KELLY, NYPD COMMISSIONER; JOHN
DOE 3, NYPD 73 Pct Commander; JOHN
DOE 4, NYPD CHIEF OF PERSONNEL;
CHARLES HYNES, KINGS COUNTY
PROSECUTOR; CITY OF NEW YORK;
STATE OF NEW YORK; UNIONS,

                Defendants.

MEMORANDUM
AND ORDER
05-CV-4443 (ERK)

---------------------------------------X

KORMAN, Ch. J.:

      Plaintiff, proceeding *pro se,* brings this action pursuant to 42 U.S.C. § 1981, 1982, 1983, 1985 for "deprivation of [his] constitutional rights [by] New York City Police officer defendants through, *inter alia*, acts of torture, intimidation, theft of personal property and cover-up criminal charges." Complaint at ¶ 1. Plaintiff seeks injunctive relief and damages, costs and attorney fees. Complaint at ¶¶ 2,108. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, dismiss some of plaintiff's claims and several defendants as outlined below and direct plaintiff to amend his complaint within thirty days of this Order.

1

## I. WILLIAM BANKHEAD, THE LITIGANT

Plaintiff is a self-described civil rights activist since 1996 and an active and regular litigator in the local federal and state courts who claims that "39 criminal case dismissals are attributed to plaintiff's civil rights activities" and financial settlements have been reached in "eight civil rights suit[s]." Complaint at ¶ 14.

Indeed, plaintiff is a perennial and frequent litigator in the Second Circuit. In 1977, plaintiff's petition for a writ of *habeas corpus* challenging a 1973 Kings County conviction on the grounds that court records of his guilty plea had been falsified was denied.[1] Bankhead v. Lavaleee, 430 F. Supp. 156 (E.D.N.Y. 1977). In its opinion, this Court noted that plaintiff had "filed **twenty-five** other actions in this district, several of which raised challenges to the [plaintiff's] guilty plea and the alleged withdrawal of that guilty plea by the State Court." Id. at 157 n. 1 (emphasis added). The Court added:

> Parenthetically the Court observes that if there were a meaningful way of imposing costs and attorneys fees on the petitioner for frivolous applications and abuse of process, this Court would do so. The number of petitioner's lawsuits (25) in this Court alone goes a long way towards demonstrating the litigious nature of this petitioner and this hearing proved quite conclusively the lack of substance to his claim at least in this particular case.

Id. at 160.

Between the years of 1990 and 2004, plaintiff filed he filed ten actions in the United States District Court, Southern District of New York, the last of which, filed in 2004, is pending, one of which was transferred to the United States District Court for the Northern District of New York in 1991, and two of which were considered by the United States Court of Appeals for the

---

[1] The petition had been remanded by the United States Court of Appeals for the Second Circuit and transferred from the United States District Court for the Northern District of New York.

Second Circuit.[2]

It appears from the Court's records that plaintiff did not file any actions in this district between 1977 and 1999. However, this is plaintiff's ninth action in this Court since 1999.[3] The allegations of the instant complaint should be viewed against the backdrop of plaintiff's personal litigation history.

II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that because of his activism and successful litigation on behalf of himself and others, the police have retaliated by harassing and torturing him, filing false charges against him and maliciously prosecuting him.[4] He states that the "abuse toward plaintiff began May

---

[2]Plaintiff's ten actions in the United States District Court, Southern District of New York are: Bankhead v. New York City Housing Authority et al., 04-CV-10200 (pending); Bankhead v. City of New York, et al., 97-CV-8419 (settled for $1000); Bankhead v. Guiliani et al., 97-CV-1808, Bankhead v. Guiliani et al., 97-CV-1807, Bankhead v. Guiliani et al., 97-CV-1806 (all dismissed under 28 U.S.C. § 1915(d)); Bankhead v. Ms. Ellis et al., 94-CV-3456 (discontinued by stipulation of both parties); Bankhead v. NYS Parole et al., 92-CV-0283 (complaint dismissed); Bankhead v. NYS Div. of Parole et al., 91-CV-7018 (transferred to the N.D.N.Y); Bankhead v. Commissioner of NYS Div. of Parole et al., 90-CV-4578 (proceedings unavailable); Bankhead v. Fischbein, 90-CV-3872 (same).

[3]Plaintiff has filed eight other actions in this Court. An action filed in 1999 was settled for $250.00, Bankhead v. City of New York, et al., 99-CV-03299 (ERK)(RML), and five actions filed in 2000 were consolidated by the Court and likewise settled for the sum of $250.00. Bankhead, et al v. City of New York, et al 00-CV-03249 (NGG)(RML); Bankhead v. City of New York, et al., 00-CV-03583(ERK)(RML); Bankhead, et al v. City of New York, et al, 00-CV-03584 (ERK) (RML); Bankhead v. City of New York, et al., 00-CV-03755(ERK)(RML); Bankhead v. City of New York, et al., 00-CV-03696 (ERK) (RML). Plaintiff's two most recent cases were dismissed for failure to respond to the Court's order to amend his complaint. Bankhead v. Sanabia et al., 04-CV-04573 (ERK)(LB); Bankhead v. Renelique, 05-CV-2065 (ERK). In at least one other action recently filed in this Court, plaintiff attested that he served as a paralegal "assisting" another *pro se* litigant. Bush v. NYC Parking Violations Bureau, 05-CV-2010 (RJD).

[4]It appears that plaintiff has been incarcerated twice, once from 1974 to 1977 and from 1982 to 1990. See www.nysdocslookup.docs.state.ny.us.

3

29, 2005," complaint at ¶ 16, and the instant thirty-page handwritten complaint concerns a single instance of the alleged retaliation by the New York City Police Department, his arrest on May 29, 2005. According to plaintiff, he was carrying hydrochloric acid, aluminum foil and beer when approached by police officers apparently because the aluminum foil and hydrochloric acid may be used to create an incendiary device.[5] Plaintiff was handcuffed and placed in a police car. Complaint at ¶¶ 25-28. Plaintiff repeatedly complained to police of the heat in the car because the windows were closed, it was a 78 degree day and he suffers from high blood pressure. Plaintiff then kicked the rear window out of the police car, id. at ¶ 42, a scuffle with the police ensued, plaintiff was sedated with pepper spray, and ultimately taken to Kings County Hospital. Id. at ¶¶ 44-48. Plaintiff was charged with criminal mischief. Id. at ¶ 52. Plaintiff alleges that the criminal charges are false, id. at ¶¶ 57-9, and that the broken rear window was caused when the police "intentionally crashed its own vehicle at the corner of Atlantic Avenue and Smith street while carry[ing] the plaintiff as a handcuffed prisoner." Id. at ¶ 15. Plaintiff believes that his arrest on May 29, 2005 is part of a conspiracy to retaliate against him for his activism and litigation and believes all of the defendants should be held liable for what he claims was a violation of his constitutional rights.

III. DISCUSSION

A. Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim

---

[5]While plaintiff plainly denies that he had purchased these items for such an end, he describes how hydrochloric acid and aluminum foil can explode if mixed, "by igniting with a match or lighter," Complaint at ¶ 55, or by forcing the hydrogen "to become pressurized within a plastic or glass container capped by a medicine-like top." Id. at ¶ 56.

4

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." While conducting this review, I am mindful of the obligation to construe the pleadings liberally, particularly when they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). If a liberal reading of the petition "gives any indication that a valid claim may be stated," this Court must grant leave to amend it. See Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

B. Status of Criminal Case

Plaintiff's complaint is silent as to the disposition of the charges which were brought against him. He states only that he was arrested on May 29, 2005 and that he was charged by defendant Kuo with criminal mischief. It is unclear whether, at the time plaintiff filed this action, state criminal proceedings were pending against him. If the criminal charges are still pending against plaintiff, I must abstain from hearing the instant complaint. It is well-settled that federal courts cannot intervene in ongoing criminal proceedings, except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see also Hicks v. Miranda, 422 U.S. 332, 349 (1975).

If plaintiff has been convicted, then excepting his false arrest claim, Covington v. New City of York, 171 F.3d 117, 123 (2d Cir. 1999), plaintiff's claims seeking to collaterally attack his conviction must be dismissed unless he can show that the conviction has been reversed or called into question. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (before bringing an action for damages, a plaintiff must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal habeas corpus

proceeding). Thus, I grant plaintiff leave to file an amended complaint detailing the status of his criminal case within thirty days from the date of this Order. In the amended complaint, plaintiff must set forth the results of any subsequent proceedings, including whether he has been convicted or whether the state criminal proceedings are ongoing.

C. Claims under 42 U.S.C. §§ 1981, 1982, and 1985 Are Dismissed

Plaintiff alleges that this Court has jurisdiction pursuant to 42 U.S.C. § 1981, 1982, and 1985. Complaint at ¶ 2. To state a claim under § 1981 or § 1982, plaintiff must allege facts in support of the following three elements: (1) he is a member of a racial minority; (2) an intent to discriminate on the basis of his race by defendant; and (3) the discrimination concerned one or more activities enumerated in §§ 1981 or 1982, e.g., making contracts or the purchase of personal property. See Mian v. Donaldson, Lufkin & Jenrette Securities, 7 F.3d 1085, 1087 (2d Cir.1993). In order to satisfy the second element, plaintiff must allege that defendants' actions were purposefully discriminatory and racially motivated. Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) (§ 1981); Albert v. Carovano, 851 F.2d 561, 571-72 (2d Cir. 1988) (citations omitted); Phillips v. Hunter Trails Cmty. Assoc., 685 F.2d 184, 187-89 (7th Cir. 1982) ( § 1982). The events of intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for defendants' actions, must be specifically pleaded in the complaint. See Yusuf v. Vassar College, 827 F. Supp. 952, 955 (S.D.N.Y. 1993) aff'd in part. rev'd in part on other grounds, 35 F.3d 709 (1994).

Plaintiff's allegations of racial animus here are wholly conclusory. Plaintiff's complaint makes no such allegation of intent to treat him differently because of his race. By plaintiff's own admission, the police targeted him because of his community activism and litigation, not because

of his race. While the complaint provides the race of John Does 1 and 2 and the arresting officers Kuo and Pena, two of whom were "white," one "chinese," and one "African-American," complaint at ¶¶ 6, 7, 25, it contains no allegations suggesting that the officers had a racial motivation in adopting the alleged course of action. Thus, plaintiff fails to state a claim on which relief may be granted under 42 U.S.C. § 1981 or 1982. 28 U.S.C. § 1915 (e)(2)(B)(ii).

Nor has plaintiff stated a claim under 28 U.S.C. § 1985(3). A claimant seeking to establish a § 1985(3) liability must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection f the laws, . . . [and] (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any right of a citizen of the United States." Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000) (citation and quotation marks omitted). The Second Circuit has also held that a § 1985(3) conspiracy "must be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." Mian, 7 F.3d 1085, 1088 (2d Cir. 1993) (internal quotation marks omitted); see also Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).

Plaintiff's section 1985 claim fails because not allege any facts that would permit one to conclude or infer that the named defendants were conspiring or that he was targeted on account of his race. Plaintiff suggests no facts from which the Court or anyone else would be able to infer discriminatory intent on the part of any defendant. In fact, plaintiff does not even state what race he is or that the named defendants had any knowledge of his civil rights activism or litigation history. Therefore, I dismiss plaintiff's section 1985 conspiracy claim against all defendants. 28 U.S.C. § 1915 (e)(2)(B)(ii).

D. Plaintiff's Claims Against Seven Defendants Are Dismissed

Plaintiff's complaint fails to state a claim upon which relief may be granted against defendants Kelly, John Does 3 and 4, New York City, and the "Unions," and defendants Hynes and the State of New York are immune from this action.

1. Defendant Hynes

Defendant Charles Hynes, District Attorney of Kings County, has prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in the prosecutorial capacities). As the Second Circuit recently explained, the shield of prosecutorial immunity is "not affected by allegations that improperly motivated prosecutions were commenced or continued pursuant to a conspiracy." Shmueli v. City of New York, 424 F.3d 231, 237-38 (2d Cir. 2005) (upholding absolute immunity for defendants accused of prosecuting plaintiff on charges known to be false).[6] Thus, plaintiff's claim against defendant Hynes is dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

2. Defendants Kelly, John Does 3 and 4, and Unions

Plaintiff's claim against defendants Raymond Kelly, John Doe 3 and John Doe 4, Commissioner, Commander of the 73rd Precinct, and Chief of Personnel of the New York City Police Department, respectively, are dismissed because plaintiff has not alleged any personal involvement on the part of these defendants in the alleged deprivation of his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (as a prerequisite to a damage award under

---

[6]Prosecutorial immunity shields prosecutors from damages liability under § 1983 but does not bar requests for injunctive relief. Although plaintiff states that he seeks "injunctive relief" nowhere in his complaint does he state what sort of injunctive relief he seeks.

42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional violation); see also, Back v. Hastings on Hudson Free School District, 365 F.3d 107, 122 (2d Cir. 2004) ("In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Plaintiff also names "Unions" in the caption of his complaint. He identifies the unions as "group of collective bargaining agencies . . . whose duties include . . . the lawful representation of all remaining defendants" because he apparently believes they are also somehow liable for his alleged constitutional violations. Liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Thus, the claims against defendants Kelly, John Does 3 and 4, and "Unions" are dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii).

3. Claims against City of New York

Plaintiff also names the City of New York as a defendant. A municipality may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of *respondeat superior*. Monell, 436 U.S. at 694. In order to establish the liability of a municipality, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy. Pembaur v. City of Cincinnati, 475 U.S. 469, 478-83 (1986); City of Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985); Monell, 436 U.S. at 691-94. A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not raise the inference of the existence of a custom or policy. Campbell v. Giuliani, No. 99-CV-2603, 2000 WL 194815, at *5 (E.D.N.Y. Feb. 16, 2000), citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).

A plaintiff has to "allege a 'causal link' between the official policy or custom and his injuries." Griffin v. Rikers Island House of Detention for Men, No. 91-CV-1694, 1993 WL 1720, at *1 (S.D.N.Y. Jan. 19, 1993) (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)). "The mere assertion, however, that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares, 985 F.2d at 100. Nothing in the complaint suggests any sort of official policy on the part of the City of New York that resulted in the harms allegedly visited upon plaintiff. Thus, the complaint against the City of New York is dismissed. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. State of New York

As to plaintiff's claim against the state of New York, the Eleventh Amendment of the United States Constitution bars suits in a federal court by private parties against the state or one of its agencies, absent consent to such a suit or an express statutory waiver of immunity. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 362 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). New York State has not consented to suit in federal court. Quern v. Jordan, 440 U.S. 332, 344 (1979); Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977). Immunity under the Eleventh Amendment applies to actions against state officials who are sued in their official capacity. See Hafer v. Melo, 502 U.S. 21 (1991) (the Eleventh Amendment does not bar § 1983 suits against state officials in their individual and personal capacity); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (neither states nor state officials acting in their official capacities are persons within the meaning of § 1983); Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988). Therefore, plaintiff's § 1983 claim

for monetary damages against the state of New York is dismissed. 28 U.S.C. §1915(e)(2)(b)(iii).

E. False Arrest Claim

Except for 42 U.S.C. § 1983's requirement that the tort be committed under color of state law, the elements of a federal and state claim of false arrest are substantially identical. Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999); Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996). In order to prove false arrest, a plaintiff must show that (1) the officer intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement and did not consent to it; and (3) the confinement was not otherwise privileged. Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996). A confinement is "otherwise privileged" where there was probable cause to make the arrest. Id. Further, "[c]ourts evaluating probable cause for an arrest must consider those facts available to the officer at the time of the arrest and immediately before it. . . . Probable cause exists when there are facts and circumstances sufficient to warrant a prudent man that the [suspect] had committed or was committing an offense." Id.; Bullock v. City of New York, No. 02 Civ. 7698, 2004 WL 445137, at *3 (S.D.N.Y. Mar 12, 2004).

Plaintiff admits that he was carrying items which were suspicious but argues that the police had no reason to stop him and did so only in retribution for his community and legal activism. He further states that at his arraignment, the prosecutor informed the court that an anonymous call to the police had prompted the arrest. Complaint at ¶ 53. Even crediting plaintiff's allegations, it seems likely that the police had probable cause to arrest him on May 29, 2005. However, I decline to *sua sponte* dismiss plaintiff's false arrest claim, affording him the

opportunity to allege facts to support his conclusion that there was no probable cause.

F. Malicious Prosecution

In order to state a claim for the tort of malicious prosecution under New York State law, a plaintiff must prove: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004); Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997). Should plaintiff demonstrate to the court that he was not convicted or that his conviction has been reversed or called into question in his amended complaint, the Court will review whether he has stated a claim for malicious prosecution.

G. "Federal Travel Act"

Finally, plaintiff alleges that the defendants denied him the protection of the "Federal Travel Act" by interrupting his Brooklyn meanderings that afternoon in May 2005. Complaint at ¶ 75-76. No such cause of action exists. Moreover, the allegations in the complaint do not allege the elements of a violation of the Travel Act. 18 U.S.C. § 1952(a).[7] In any event, criminal prosecutions are within the province of the prosecutors who have unreviewable discretion over the decision not to prosecute. Leeke v. Timmerman, 454 U.S. 83 (1981).

---

[7]The Travel Act is violated when (1) a person uses a facility of interstate or foreign commerce, such as the telephone, (2) with intent to "facilitate the promotion, management, establishment, or carrying on, of any unlawful activity" and (3) thereafter performs an additional act in furtherance of the specified unlawful activity. United States v. Jenkins, 943 F.2d 167, 172 (2d Cir. 1991).

## IV. LEAVE TO AMEND

In deference to plaintiff's *pro se* status, and in an abundance of caution, I grant plaintiff thirty days to amend his complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal). Plaintiff is hereby directed to file an amended complaint within thirty days from the date of this Order. In his amended complaint, plaintiff must set forth the status of his criminal case, and if convicted, the status of any subsequent proceedings challenging the conviction.

## V. CONCLUSION

The complaint against defendants Hynes, Kelly, John Doe 3 and 4, Unions, City of New York and the State of New York is dismissed. 28 U.S.C. § 1915 (e)(2)(B). Plaintiff's claims under 42 U.S.C. § 1981, 1982, and 1985 are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiff shall be afforded thirty days leave to file an amended complaint that complies with this Order. The amended complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order. A copy of this Order shall be attached to the amended complaint. No summons shall issue at this time and all further proceedings shall be stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed or show good cause why he cannot comply, the complaint shall be dismissed. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
EDWARD R. KORMAN
United States District Judge

Dated: Brooklyn, New York
       2/7    , 2005