UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X  NOT FOR PUBLICATION

WILLIAM BANKHEAD,

                     Plaintiff,

-against-

"JOHN" KUO; "JOHN" PENA;
each NYPD Patrolmen, 73rd Precinct;
JOHN DOE 1, African-American male,
pencil-mustached, jerry curled hair NYPD
Sargeant, 73rd Precinct; JOHN DOE 2, white-
american male, NYPD patrolman, ESU;

                     Defendants.
---------------------------------------------------------X

ORDER AND
CIVIL JUDGMENT
05-CV-4443 (ERK)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 25 2006 ★
BROOKLYN OFFICE

KORMAN, Ch. J.:

On September 6, 2005, plaintiff filed this complaint *pro se* pursuant to 42 U.S.C. § 1981, 1982, 1983, and 1985. By Order dated November 16, 2005, plaintiff was directed to submit the missing pages of his complaint. By letter dated December 6, 2005, plaintiff complied with the order and submitted pages twelve and thirteen of the complaint. By Order dated February 7, 2006, the Court dismissed seven of the named defendants and plaintiff's claims under 42 U.S.C. § 1981, 1982, and 1985, and directed plaintiff to file an amended complaint within thirty days. The Order further stated that if plaintiff failed to comply with the Order within the time allowed, the complaint would be dismissed. Plaintiff has not filed an amended complaint as directed by the Court's Order.[1] Accordingly, it is,

---

[1] The Court notes that both of the Court's orders, sent to the address plaintiff provided on his complaint, 6207 Cooper Avenue, Ridgewood, NY 11385, were returned as "Undeliverable Mail" "Attempted Not Known." P is responsible for providing a valid address and he has not informed the Court of his change of address. As is detailed in the Court's February 7, 2006 Order, plaintiff is a practiced litigant in the local federal and state courts, filing at least thirty-

1

**ORDERED, ADJUDGED AND DECREED:** That the complaint is hereby dismissed because it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Edward R. Korman
EDWARD R. KORMAN
United States District Judge

Dated: Brooklyn, New York
4/17, 2006

---

four cases in this Court alone since 1977 and claiming that thirty-nine criminal cases have been dismissed by courts because of his civil rights activities. Plaintiff should be well aware that it is his obligation to keep the Court informed of his current address in a timely fashion. Second, plaintiff was responsive to the Court's first Order directing him to submit missing pages of the complaint. Plaintiff states in his cover letter received December 6, 2006 that he "appeared at Clerks [sic] office to check the case" and submitted the missing pages. He adds cryptically therein that "he is homeless but have the mailing address." Clearly, plaintiff is able to monitor this case by visiting the clerk's office even if he has not provided a current mailing address.